In the Matter of the Claim of HERMAN PLAFKER, Appellant, against P. & J. LEWIS, INC. and the STATE INSURANCE FUND, Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which disallowed his claim on the ground that he did not sustain an accidental injury arising out of and in the course of his employment. Claimant, fifty-eight years of age, employed as a clothing cutter for the employer for thirty years, collapsed at his place of employment on August 31, 1951. A doctor was called to the plant and after claimant's condition had been diagnosed as a coronary occlusion, he was immediately hospitalized. Claimant testified that as he lifted a bolt of cloth weighing seventy-five to ninety pounds from the floor to the table just before his collapse, he felt a sharp pain in his chest. A co-worker, who was working at a table directly facing claimant's work table, testified that claimant was not required to handle any bolts of cloth and that there was no reason for him to pick up the cloth. The hospital record

discloses that the claimant stated that about two days prior to his hospitalization he started to have dull aching pain in the region of the left shoulder blade. Claimant denied giving the history to the assistant resident at the hospital, who testified that he obtained the history from the claimant on the day of admission. Claimant's physician testified that although he did not make such an entry in the hospital record, claimant told him on the day of admission that he felt the pain while lifting a bolt of cloth. Claimant did not recall giving this information to any doctor upon his admission. On September 6, 1951, the employer wrote claimant's attending physician stating that claimant "was injured while working in our employ" and requesting the "necessary papers or information to fill out by the State Insurance Fund." Claimant urges that this is recognition and acknowledgment of the accident by the employer. But the board did not have to so construe the letter. The letter could be found to indicate that the employer did not have information concerning claimant to enable him to make a report and that it was a request for either the papers required to be filed or the information in order to fill them out. It was entirely within the province of the board, as trier of the facts, to consider the conflicting evidence and to determine, upon the whole record, that claimant did not sustain an accidental injury arising out of and in the course of his employment. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.